# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WAYNE CHRISTIAN,

    Petitioner,

    v.

CHARMAINE BRACY, WARDEN

    Respondent.

CASE NO. 2:18-CV-652
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4. If it does so appear, a petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it appears from the Petition that Petitioner is not entitled to relief because his claims are time-barred. Accordingly, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was tried and convicted in the Court of Common Pleas for Jefferson County, Ohio. (Doc. 1). Ohio's Seventh District Court of Appeals summarized the relevant facts and procedures as follows:

> On June 7, 2006, Appellant was indicted on ten counts of felonious assault, a felony of the second degree in violation of R.C. 2903.11(B)(3). The statute criminalizes sexual conduct between a person who has knowledge of their HIV status and a minor, defined as a person under the age of eighteen. Appellant was charged with engaging in sexual conduct with a sixteen-year-old girl on at least ten occasions without informing her that he is HIV positive and without using protection . . . .
>
> Appellant was convicted on nine of the ten counts by a jury. On May 17, 2007, Appellant was sentenced to eight years of incarceration per count. Counts one, three, four, five, and six were ordered to run consecutively while the remaining counts were ordered to run concurrently. In the aggregate, Appellant was sentenced to forty years of incarceration. The trial court terminated Appellant's postrelease control from a prior case and imposed a mandatory five-year postrelease control period. The court gave him 199 days of jail time credit. Appellant was also declared a sexual predator in accordance with R.C. 2950.01.

*State v. Christian*, No. 16 JE 0030, 2017 WL 6939100, at *1 (Ohio Ct. App. Dec. 27, 2017). Petitioner directly appealed that determination and raised the following three assignments of error:

> THE VERDICT FINDING THE APPELLANT GUILTY OF NINE OUT OF THE TEN COUNTS OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE . . . .
>
> THE TRIAL COURT ERRED BY IMPOSING FIVE CONSECUTIVE SENTENCES ON THE FIRST FIVE COUNTS . . . .
>
> THE TRIAL COURT ERRED IN FINDING THAT APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR . . . .

*State v. Christian*, No. 07 JE 9, 2007 WL 4696853, at *2, 5, 7 (Ct. App. Dec. 28, 2007). The appellate court overruled those assignments of error and affirmed the trial court on December 28, 2007. *Id*. Petitioner did not file a timely appeal of that determination with the Ohio Supreme Court. The online docket for the Ohio Supreme Court indicates, however, that Petitioner filed a motion for a delayed appeal with the Ohio Supreme Court almost two years later, on December

14, 2009. The Ohio Supreme Court denied that motion for a delayed appeal on January 27, 2010. *State v. Christian*, 124 Ohio St. 3d 1441 (2010).

The Ohio Supreme Court's online docket and the online docket for the Jefferson County Court of Common Pleas indicate that Petitioner subsequently filed a series of unsuccessful motions. On September 16, 2011, Petitioner filed a motion to reopen his appeal pursuant to Rule 26(b) of the Ohio Rules of Appellate Procedure. The appellate court denied that motion on October 17, 2011, because it was untimely. Petitioner moved the appellate court to reconsider that decision, but the appellate court denied that motion to reconsider on November 14, 2011. Petitioner appealed that determination to the Ohio Supreme Court, but, on February 22, 2012, the Ohio Supreme Court declined to exercise jurisdiction over that appeal. Petitioner then filed a second Rule 26(b) motion on March 13, 2015, which the appellate court denied on March 27, 2015, because it was untimely. Petitioner appealed that determination, but the Ohio Supreme Court declined to exercise jurisdiction over that appeal on July 22, 2015.

On December 17, 2015, Petitioner filed a motion in the appellate court seeking a declaratory judgment. The appellate court dismissed that motion on December 27, 2015, because it lacked original jurisdiction over such actions. Petitioner then filed a motion for a declaratory judgment on March 31, 2016, but the trial court denied that motion on October 26, 2016. Petitioner appealed and raised the following three assignments of error:

> THE TRIAL COURT ERRED IN DISMISSING DEFENDANT–APPELLANT'S MOTION FOR DECLARATORY JUDGMENT WITHOUT MAKING A DETERMINATION AS TO THE CONSTITUTIONALITY OF R.C. 2903.11(B)(3) . . . .
>
> R.C. 2903.11(B)(3) VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 2, ARTICLE I OF THE OHIO CONSTITUTION . . . .

3

> BECAUSE R.C. 2903.11(B)(3) IS UNCONSTITUTIONAL, DEFENDANT–
> APPELLANT'S CONVICTIONS FOR NINE COUNTS OF FELONIOUS
> ASSAULT UNDER THAT STATUTE ARE VOID . . . .

*Christian*, 2017 WL 6939100, at *1. The appellate court overruled those assignments of error and affirmed the trial court on December 27, 2017. Petitioner appealed that determination to the Ohio Supreme Court, but it declined to exercise jurisdiction on May 23, 2018. *State v. Christian*, 152 Ohio St. 3d 1480 (2018).

Petitioner executed the instant petition on June 20, 2018. (Doc. 1). In his single ground for habeas relief, Petitioner alleges that O.R.C. 2903.11(B)(3) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by singling out people who are HIV positive for differential treatment. Specifically, Petitioner claims that the Ohio statute criminalizes sexual conduct between people who know they are HIV positive and minors but does not criminalize sexual conduct between people who know they have other types of sexually transmitted diseases and minors.

## II.    STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S. C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The appellate court affirmed the trial court's judgment on December 28, 2007. Pursuant to § 2244(d)(1)(A), Petitioner's judgment of conviction became final on February 11, 2008, *i.e.*, forty-five days later, and when the time to file a timely appeal of that determination with the Ohio Supreme Court expired. *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i); *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute of limitations began running the next day, February 12, 2008, and it expired one year later, on February 12, 2009. Petitioner did not execute his petition until over a decade later, on June 20, 2018. His petition is, therefore, time-barred.

Petitioner's other post-conviction filings in the state courts (the first of which was the unsuccessful motion for a delayed appeal, filed on December 12, 2009) do not toll the statute of limitations because they were all filed after the limitation period had already expired on February 12, 2009. Unsuccessful motions for delayed appeals and state collateral actions do not resurrect an expired limitation period under § 2244(d)(2). *Armstrong v. Warden*, Case No. 1:15-CV-783, 2016 WL 4778367, at *4 (6th Cir. 2016) (explaining that unlike a successful motion for a delayed appeal, an unsuccessful motion for a delayed appeal cannot restart the running of the statute of limitation under § 2244(d)(1)(A), but can only toll an unexpired limitation period under § 2244(d)(2)); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does

not . . . 'revive' the limitation period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Further, the Petition fails to allege facts demonstrating that equitable tolling of the time limitation in § 2244(d)(1)(A) is warranted. A petitioner is entitled to equitable tolling of that period only if he shows: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010). Importantly, "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling is applied only sparingly. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

The Petition does not allege that Petitioner diligently pursued his rights or that some extraordinary circumstance stood in his way of timely filing. Instead, Petitioner merely asserts that his Petition should not be barred by the one-year limitation period because "[t]he ground/claim being raised in [the] petition evolved from my post-conviction motion, not from direct appeal of my conviction." Nevertheless, Petitioner's claim, that the statute he was convicted of violating, O.R.C. 2903.11(B)(3), violates the Equal Protection Clause, is one that he should have known or discovered through the exercise of due diligence during his direct appeal. He simply alleges no facts that explain why this claim was not obvious or available until he filed motions seeking declaratory judgments eight years after his conviction was affirmed. Consequently, the equitable tolling is not warranted in this case.

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date: July 24, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE