IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WAYNE CHRISTIAN,

    Petitioner,

    v.

CHARMAINE BRACY, WARDEN

    Respondent.

CASE NO. 2:18-CV-652
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On July 24, 2018, the Magistrate Judge issued a *Report and Recommendation* ("R&R") recommending that the petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules""). (ECF No. 5.) Petitioner filed timely *Objections* to that R&R. (ECF No. 8.) Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For following reasons, Petitioner's *Objections* (ECF No. 8) are **OVERRULED**. The R&R (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA").

Petitioner was convicted by a jury of nine counts of felonious assault in violation of Ohio Rev. Code § 2903.11(B)(3) which makes it criminal for people who know that they are HIV positive to engage in sexual conduct with minors. In this action, Petitioner asserts that his conviction violates the Equal Protection Clause of the Fourteenth Amendment because O.R.C.

§ 2903.11(B)(3)[1] criminalizes sexual conduct between people who know that they are HIV positive and minors but does not criminalize sexual conduct between people who know that they have other sexually transmitted diseases and minors.

The Magistrate Judge correctly concluded that Petitioner's single ground for relief is time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A),[2] provides that the one-year statute of limitations for Petitioner's habeas claim commences running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The state appellate court confirmed Petitioner's conviction on December 28, 2007. That judgment became final on

---

[1] The statute provides in relevant part: "No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly . . . [e]ngage in sexual conduct with a person under the age of eighteen years who is not the spouse of the offender." O.R.C. § 2903.11(B)(3).

[2] All possible statute of limitation start dates are set forth in § 2244(d)(1)(A)–(D), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

February 11, 2008, *i.e.*, forty-five days later, when the time to file a timely appeal of that determination with the Ohio Supreme Court expired. *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i). Under § 2244(d)(1)(A), the statute of limitations started running the next day, February 12, 2008, and it expired one year later, on February 12, 2009. Petitioner, however, filed his petition almost ten years after that by placing it in the prison mailing system on June 20, 2018. (ECF No. 1, at PAGE ID # 8.) Accordingly, Petitioner's claims are untimely under § 2244(d)(1)(A).

Petitioner objects because the Magistrate Judge summarily dismissed his petition before the opportunity for full briefing. This objection is without merit. Rule 4 of the Habeas Rules specifically provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 5(a) of the Habeas Rules also provides that "[t]he respondent is not required to answer the petition unless a judge so orders." Moreover, Rule 5(e) of the Habeas Rules provides that a "petitioner may submit a reply[3] to the respondent's answer or other pleading within a time fixed by the judge." These rules not only permit this Court to dismiss a deficient petition before full briefing, they require the Court to do so. *See Clark v. Waller*, 490 F.3d 551 (6th Cir. 2007) (affirming district court's summary dismissal of a habeas petition).

Petitioner also objects because the Magistrate Judge dismissed his claim as time-barred pursuant to Rule 4 of the Habeas Rules. This objection is also without merit. The statute of limitations period is not jurisdictional, and therefore, district courts are not obligated to raise the timeliness of a habeas petition *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 205. The

---

[3] Previously referred to as a "traverse." *See* Advisory Committee Notes to Rule 5 of the Habeas Rules (2004).

Supreme Court has held that district courts are nevertheless allowed to do so. *Id.* at 209 (holding that "[d]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Supreme Court explained that this is because the AEDPA's statute of limitations, like the exhaustion doctrine, "implicates values beyond the concerns of the parties" including that it conserves judicial resources, safeguards the accuracy of state court judgments by requiring issues to be resolved while the record is fresh, and lends finality to those judgments. *Id.* at 205–06. A district court must, however, provide a petitioner with notice and opportunity to present his position about the statute of limitations before *sua sponte* dismissing a petition as untimely. *Id.*, at 210. *See also*, *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). That requirement has been satisfied: Petitioner addressed the timeliness issue in his petition; the R&R provided Petitioner with notice about the time-bar; and Petitioner has responded to the Magistrate Judge's timeliness findings.

Specifically, Petitioner objects to the Magistrate Judge's timeliness analysis because, he contends, the statute of limitations in this case is not governed by § 2244(d)(1)(A) but is instead governed by 28 U.S.C. § 2244(d)(1)(D). When that subsection applies, the statute of limitations starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Petitioner asserts that he could not have filed his petition earlier because his Equal Protection claim "involve[s] legal authorities, changes in relevant state laws, and other scientific evidence and reference materials that were not in existence . . . and should be considered newly discovered evidence." (ECF No. 8, at PAGE ID # 32.) In support of that assertion, Petitioner cites a number of inapposite legal authorities including, for instance:

- A case from the United States Court of Appeals for the Armed Forces holding that a defendant who failed to inform adult sex partners of his HIV

4

status did not commit aggravated assault under Article 128, of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2012);[4]

- A case from the Tennessee Supreme Court holding held that certain of a defendant's sex acts with a minor did not create a significant risk of HIV transmission in violation of a Tennessee statute making it criminal for someone to knowingly expose another person to his or her bodily fluids in a manner that creates such a risk;[5]

- A case from the Ohio Supreme Court holding that an Ohio statute making it criminal for peace officers to engage in sexual conduct with minors violated the Equal Protection clause because, under Ohio law, peace officers include people who do not perform functions that might allow them to take unconscionable advantage of minors (e.g., an Ohio department of taxation investigator).[6]

(*Id*., at PAGE ID # 33.) Petitioner also cites a series of "HIV related papers and articles" published between the years 2011 and 2015 which generally appear to discuss scientific and medical advances in treating HIV positive people and preventing HIV transmission. (Id. at PAGE ID # 33.)

The term "factual predicate" in § 2244(d)(1)(D) refers to factual evidence and events, not legal conclusions. "The operative question in such an inquiry is when the person was aware of the vital facts for his claim, not when he understood the legal significance of those facts." *Smith v. Meko*, 709 F. App'x. 341, 344 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1034 (2018) (citing cases). *See also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting a habeas petitioner's argument that the statute of limitations begins to run "when a prisoner *actually understands* what legal theories are available") (emphasis in original). The vital facts for Petitioner's claim are that the state statute that he was convicted of violating makes it criminal for people who know that they are HIV positive to engage in sexual conduct with minors, but it

---

[4] *United States v. Gutierrez*, 74 M.J. 61, 63 (C.A.A.F. 2015).
[5] *State of Tennessee v. Hogg*, 448 S.W. 3d 877, 889–890 (Tenn. S.Ct. 2014).
[6] *Ohio v. Mole*, 149 Ohio St. 3d 215, 222 (Ohio 2016).

5

does not make it criminal for people who know that they have other sexually transmitted diseases to engage in sexual conduct with minors.  That factual predicate— purportedly discriminatory treatment— was known, or knowable with the exercise of due diligence, when Petitioner's criminal trial took place.  Because he knew or should have known those vital facts then, the statute of limitations was triggered at that time even if Petitioner did not appreciate the legal significance of those facts.

Assuming, *arguendo*, that the items described by Petitioner constitute a factual predicate for his Equal Protection claim under § 2244(d)(1)(D), and thus they triggered a later start date for the statute of limitations, Petitioner was still obligated to file his federal petition within one year of the date that they could have been discovered through the exercise of due diligence.  § 2244(d)(1)(D).  Petitioner does not allege precisely when he discovered these items but indicates that he did so sometime in late 2015 or early 2016.  (ECF No. 8, at PAGE ID # 33.)[7]  Petitioner did not file his petition by placing it in the prison mailing system until June 20, 2018— at least two years after that.  Therefore, even if these items constitute a factual predicate for Petitioner's Equal Protection claim, the Court finds that the petition is untimely.

Petitioner also objects to the Magistrate Judge's timeliness analysis because, he contends, he is entitled to equitable tolling.  As the Magistrate judge explained, a petitioner is entitled to equitable tolling only if he shows: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 648 (2010).  Petitioner asserts that the "legal authorities, changes in

---

[7] Petitioner states that one of the cases that he relies upon was decided on February 23, 2015, and that he filed one of his state court motions "just barely over one year later (and not long after [Petitioner's] discovery of this authority."  (ECF No. 8, at PAGE ID # 33.)  The Court additionally notes that the most recent item described by Petitioner is the case dated February 23, 2015.

relevant state laws, and other scientific evidence and reference materials" that he cites "were not in existence" until later and that this constitutes an extraordinary circumstance under *Holland*. (ECF No. 8, at PAGE ID # 32.) Even assuming that the later creation of these items constitutes an extraordinary circumstance, Petitioner does not allege diligence. As noted, Petitioner discovered these items in late 2015 or early 2016. He did not, however, pursue federal habeas relief until at least two years later. He offers no explanation for this lapse. This objection is without merit.

Petitioner also objects because, he contends, his claim does not relate to his conviction but instead relates to his post-conviction motion for a declaratory judgment that he filed in the state trial court on March 31, 2016. (ECF No. 8, at PAGE ID # 31.) A properly filed application for post-conviction or other collateral review can serve to toll the AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2). As the Magistrate Judge explained, however, even if the motion for declaratory relief constitutes an application for "other" collateral review, it was filed after the AEDPA's statute of limitation had already expired. Once the statute of limitations expires, such filings can no longer serve to avoid the time-bar. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (internal quotation and citation omitted). This objection is also without merit.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must consider whether to issue a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial

7

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court **DECLINES** to issue a COA. The Court is not persuaded that reasonable jurists could debate whether the claim asserted in the petition is time-barred.

The Court also **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be in good faith and that an application to proceed in forma pauperis would be **DENIED**.

**IT IS SO ORDERED.**

**Date:** May 31, 2019                              /s/ *James L. Graham*
                                                                **JAMES L. GRAHAM**
                                                                **United States District Judge**